**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MALIA A. BAKER, | No. 13-35837 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00132-CI |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Cynthia Imbrogno, Magistrate Judge, Presiding

Submitted August 18, 2014**

Before:     D. Nelson, Leavy, and Thomas, Circuit Judges.

Malia Baker appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Baker's application for Supplemental

Security Income under Title XVI of the Social Security Act.  Baker contends that

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the administrative law judge ("ALJ") improperly relied on the opinion of testifying medical expert Dr. Veraldi over the opinions of examining sources Dr. Arnold and Dr. Cavanee. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

The ALJ found that Baker was under a disability, but that a substance abuse disorder was a contributing factor material to the determination of disability. At step five of the sequential analysis, the ALJ found that if Baker stopped her substance abuse, she could perform jobs that exist in significant numbers in the national economy.

Substantial evidence supports the ALJ's analysis of the medical opinion evidence. Contrary to Baker's contention, the ALJ did not reject the opinion of examining source Dr. Arnold, but instead accorded it "great weight" to his opinion. The ALJ's decision demonstrates that he considered the entirety of Dr. Arnold's report, and reasonably relied primarily on the narrative portion of the report, which explained in more detail Baker's capabilities. In addition, the ALJ properly accorded "little weight" to Dr. Cavanee's evaluation because he evaluated Baker while Baker was still suffering from opiod dependence. Finally, the ALJ also

2

reasonably relied on the opinion of non-examining medical consultant Dr. Veraldi, who agreed with Dr. Arnold's conclusion and disagreed with Dr. Cavenee. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (the contrary opinions of an examining physician and non-examining medical expert serve as legitimate reasons for rejecting the opinion of examining physician).

Accordingly, substantial evidence supports the ALJ's determination that Baker was not disabled within the meaning of the Social Security Act.

**AFFIRMED**.